**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR ALFONSO PASTOR MORALES,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-06772-JLT-EGC<br>A-Number: 243-163-164<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1) |

Victor Alfonso Pastor Morales is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 6.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL BACKGROUND

Petitioner is from Ecuador. He entered the United States without inspection in 2023 and was not admitted or paroled after inspection by U.S. Border Patrol. (Doc. 1 at 2; Doc. 8-1 at 2.) On January 23, 2025, Petitioner was arrested in Broward County, Florida, for aggravated assault with a deadly weapon without intent to kill and resisting/obstructing an officer without violence. (*See* FBI "RAP Sheet, Doc. 8-5 at 5.) On June 21, 2026, Petitioner was arrested for driving

under the influence of alcohol with a person under 18 in the vehicle, and obstruction without violence. (*Id*. at 7.) That same day, Petitioner was encountered by ICE while in criminal custody following his arrest and was detained pursuant to an immigration detainer. (Doc. 8-1 at 2.) Petitioner was processed with a Notice to Appear, charged as removable pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act, and is currently detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On August 4, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 12-17.) Petitioner requests immediate release or, in the alternative, a bond hearing where the government bears the burden to prove Petitioner poses a danger to the community or a flight risk. (*Id*. at 17-18.) On September 15, 2026, Respondents filed a response to the petition, in which they argue that Petitioner is subject to detention under 8 U.S.C. § 1226(a). (Doc. 8 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

As a threshold matter, despite Respondents assertion that Petitioner was previously released by immigration authorities into the interior of the United States, there is no evidence in the record that Petitioner was ever encountered and detained by immigration officials upon entry into the United States and subsequently released on his own recognizance. (Doc. 1 at 2; Doc. 8-1 at 2.) Rather, Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. As such, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a),

not § 1225(b)(1), governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

The Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a) and will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
4. **<u>At least 72 hours before</u>** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has

filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 23, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE